Green, J.
delivered the opinion of the court.
This is a bill to enforce a carpenter’s lien. The complainant built a house for the defendant, Ellis, on lot number twenty, in the town of Springhill, in Maury county. Ellis had purchased the lot from one Cartwright, but had received no deed therefor. After the house was built, Ellis sold the lot to Simmons and Briggs, and procured Cartwright to make them a deed. At the time this deed was made, Simmons and Briggs executed to Ellis a covenant to pay certain debts *269 Ellis owed — among which was complainant’s debt for building the house. The complainant was apprised of this arrangement, but informed the parties that he would not relinquish his lien until he was paid.
The House was finished in November or December, 1840, and the complainant commenced an action at law against Ellis in August, 1841. He recovered judgment, and brings this bill to enforce his lien, and make his judgment at law effectual.
There is no pretence for the position that the complainant relinquished his lien, and agreed to look to Simmons and Briggs. Briggs, whose deposition is relied on for this proof, is a party and interested in this suit; nor does he prove such agreement. He says the complainant said he would hold his lien until he was paid.
2. It is said the suit should have been brought in six months. This is a mistake. The act of 1825, ch. 37, gives a lien in favor of mechanics who build a house in any town in the State, which lien was to continue a year after the completion of the building, and until the decision of any suit the mechanic might bring within that time. The act of 1829, ch. 26, sec. 1, extends this lien to persons who may do any part of the work, or furnish materials; and the second section extends the provisions of these acts to any house built in Davidson county, provided an action be commenced in six months. The act of 1835, ch. 40, extends the provisions of the acts of 1825 and 1829 to mechanics who may perform any work, or furnish materials for any building in any county in the State.
By these several acts-, a mechanic who builds a house, or furnishes materials for the same-, in any town, must commence suit in twelve months, and if the house is not in any town, he must sue in six months. In this case both the bill and answer state that the house was built in the town of Springhill. It appears from the evidence that Wm. M’Kis-sick has bought the lot pending this bill, at Sheriff’s sale, as the property of Simmons and Briggs, with a knowledge of this lien and with the expectation of satisfying the same.
Let the decree be affirmed.